IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JESSE THOMAS PRYOR,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTA, LEROY KIRKEGARD, TOM WOODS, LEONARD MIHELICH, BILLIE REICH, KRISTY COBBAN, ROBERT HARMON, LAVONNE PERKINS, GLENIS FRATZKE, WENDI LARSON, DARCY HUNT, DAN WIGERT, KENNETH COZBY, and DAVE PENTLIN,<br><br>Defendants. | CV 14-00070-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Jesse Pryor has filed a Complaint alleging he was subjected to "excessive searching" in violation of his rights under the Montana Constitution and the Fourth and Fourteenth Amendments to the United States Constitution. (Complaint, Doc. 2.) As Mr. Pryor is a prisoner proceeding in forma pauperis, the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. The Complaint fails to state a claim and should be dismissed.

## I. JURISDICTION AND VENUE

Mr. Pryor filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) Venue is proper, as he is incarcerated in

1

and alleges wrongs committed in Powell County, Montana. Local Rule 3.2(b)(3). The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint attempts to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case is assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1); Doc. 7.

## II. STATEMENT OF CASE

### A. Parties

Mr. Pryor is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison (MSP). In his original Complaint, Mr. Pryor named the following Defendants: Mike Batista, Leroy Kirkegard, Tom Woods, Leonard Mihelich, Billie Reich, Kristy Cobban, Robert Harmon, Lavonne Perkins, Glenis Fratzke, Wendi Larson, Darcy Hunt, Dan Wigert, Kenneth Cozby, and Dave Pentlin. (Complaint, Doc. 2 at 10.) On January 5, 2015, Mr. Pryor filed a Motion to Amend the list of Defendants and named only: the Department of Corrections, Montana State Prison, Mike Batista, Leroy Kirkegard, Tom Woods, Leonard Michelich, Robert Harmon, Dan Wigert, Kenneth Cozby, and Dave Pentlin. (Motion to Amend, Doc. 6.) As Rule 15 of the Federal Rules of Civil Procedure

allows a party to amend its pleading once as a matter of course prior to the service of a responsive pleading, Mr. Pryor's motion to amend will be granted.

## B. Factual Background

Mr. Pryor alleges his property was seized and placed in the property office where only prison staff had access to it. From August 12, 2014, to September 24, 2014, prison officers allegedly searched his property six times. On September 24, 2014, Defendant Dan Wigert "wrote [Mr. Pryor] up for possession of a weapon," stating he had found a weapon (the arm of a pair of glasses with a razor blade attached to it) in Mr. Pryor's hat band. (Complaint, Doc. 2-2 at 1-2.) Mr. Pryor alleges his property had been searched five previous times, with no weapon found. *Id.*

Mr. Pryor alleges MSP is trying to retaliate against him by planting a weapon in his property to justify keeping him locked up and raising his custody level. (Complaint, Doc. 2-2 at 3.)

According to the documents attached to the Complaint, a disciplinary hearing was held on September 29, 2014, and Mr. Pryor was found guilty of possessing a weapon and given 15 days in detention. (Hearing decision, Doc. 2-5 at 3.) Mr. Pryor's disciplinary appeal was denied on October 3, 2014. (Appeal, Doc. 205 at 4.)

### III.  28 U.S.C. § 1915A REVIEW

Mr. Pryor is a prisoner so the Court must review his Complaint under 28 U.S.C. § 1915A.  Section 1915A(b) allows the Court to dismiss a pro se prisoner's complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint is malicious if not pleaded in good faith.  *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' "  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

4

## IV. ANALYSIS

### A. Fourth Amendment

Mr. Pryor labels his claims as "excessive searching." To the extent he is seeking to bring claims under the Fourth Amendment for unreasonable searches and seizures, his claims fail. The Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions. *Id*. at 526. While *Hudson* dealt with expectation of privacy within the prisoner's cell, a logical extension of *Hudson* is that prisoners do not have an expectation of privacy in the property taken from their prison cells. Thus, Mr. Pryor's Fourth Amendment claim fails as a matter of law.

### B. Retaliation

Mr. Pryor alleges MSP tried to retaliate against him by planting a weapon in his property to justify keeping him locked up and raising his custody level. (Complaint, Doc. 2-2 at 3.) "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's

protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

Clearly, the planting of a weapon in an inmate's property does not advance a legitimate correctional goal, but Mr. Pryor does not allege that the alleged planting of the weapon was done because of the exercise of his First Amendment rights. There is no basis for a retaliation claim under these facts.

## C. Due Process

Mr. Pryor argues that he was wrongfully convicted of having a weapon when officers found no weapon during previous searches. To the extent Mr. Pryor is attempting to bring a denial of due process claim, his allegations fail. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a claim for a due process violation, a plaintiff must allege that: (1) he had a protected liberty interest, and (2) he was deprived of that interest without adequate due process. If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976);

*Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either: (1) affect the sentence imposed in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Mr. Pryor has not met the threshold requirement for showing a liberty interest. Mr. Pryor was convicted of felony theft in 2009, and he was revoked for burglary in 2010. He received a sentence of five years for theft and 15 years for burglary with 10 years suspended, the sentences to run concurrent. *Pryor v. Kirkegard*, Civil Action 13-CV-00080-H-DWM, Habeas Petition, Doc. 1 at 3. "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Consequently, placement in any part of a Montana prison would not affect Mr. Pryor's sentence in an unexpected manner. Thus, the first prong of the *Sandin* test for a liberty interest is not met.

The second prong of the *Sandin* test also is not met. Whether a hardship is "atypical and significant" depends on three factors:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (citing *Sandin*, 515 U.S. at 486-87). As a result of Mr. Pryor's disciplinary hearing, he received 15 days disciplinary confinement. Such punishment is not atypical or significant in comparison to inmates in protective custody or inmates whose placement has not yet been determined. *Sandin*, 115 S.Ct. at 2301 (30 days disciplinary segregation not "atypical" where no evidence that difference from other kinds of segregation); *c.f. Wilkinson v. Austin*, 545 U.S. 209 (2005) (placement in a supermax prison where inmates were deprived of almost all human contact for an indefinite period of time and lost their parole eligibility gave rise to a liberty interest).

Mr. Pryor has not alleged sufficient facts to show he had a liberty interest in avoiding the discipline he received. It is therefore irrelevant whether he received adequate due process protections because he was not constitutionally entitled to due process.

# V. CONCLUSION

8

## A.  Leave to Amend

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint for failure to state a claim, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  A court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The finding that Mr. Pryor's allegations fail to state a claim upon which relief may be granted cannot be cured by the allegation of additional facts.  The Complaint should be dismissed.

## B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the
district-court action, or who was determined to be financially unable
to obtain an adequate defense in a criminal case, may proceed on
appeal in forma pauperis without further authorization, unless:
(A) the district court-before or after the notice of appeal is

> filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits a prisoner from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal

10

court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

"Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). The finding that Mr. Pryor was not entitled to due process is supported by the record. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### D. Address Changes

At all times during the pendency of this action, Mr. Pryor must immediately advise the Court of any change of address and its effective date. The notice shall contain only information pertaining to the change of address and its effective date, except if he has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Pryor's Motion to Amend (Doc. 6) is **GRANTED**.

## RECOMMENDATIONS

1.  Mr. Pryor's Complaint (Doc. 1) should be **DISMISSED**.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Pryor failed to state a claim upon which relief may be granted and his claims are frivolous.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Pryor may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 23rd day of March, 2015.


  /s/ John Johnston
John Johnston
United States Magistrate Judge