

FILED

APR 3 0 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JESSE THOMAS PRYOR,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE BATISTA, LEROY KIRKEGARD, TOM WOODS, LEONARD MIHELICH, BILLIE REICH, KRISTY COBBAN, ROBERT HARMON, LAVONNE PERKINS, GLENIS FRATZKE, DAN WIGERT, KENNETH COZBY, and DAVE PENTLIN,<br><br>Defendants. | CV 14–70–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his order, findings, and recommendations in this case on March 23, 2015, granting Plaintiff Pryor's motion to amend the caption in this case but recommending that his Complaint be dismissed for failing to state a claim. Pryor failed to timely object to the findings and recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court adopts Judge Johnston's findings and

recommendations in full.

Judge Johnston found, and this Court agrees, that the circumstances surrounding and consequences flowing from Pryor's possession of a weapon[1] while incarcerated at Montana State Prison do not give rise to a constitutional violation under any theory. Pryor fails to allege a Fourth Amendment claim because his status as a prisoner translates to a diminished expectation of privacy in his personal effects. *See Hudson v. Palmer*, 468 U.S. 517, 525-526 (1984). Pryor fails to state a First Amendment retaliation claim because he fails to describe his own protected conduct, against which prison officials allegedly retaliated. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("[t]o prevail on a retaliation claim, a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct") (citations omitted). Finally, Pryor fails to allege a Fourteenth Amendment due process claim because the discipline he received for possessing the weapon neither "affect[ed] the sentence imposed [upon him] in an unexpected manner," nor "impose[d] a hardship that is atypical and significant in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Pryor's claims are fatally deficient, and cannot be cured by restyling or inclusion of additional facts.

---

1. Pryor possessed a temple piece from a pair of eyeglasses with a razorblade affixed to one end.

Accordingly, IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 8) are ADOPTED IN FULL. Pryor's Complaint (Doc. 1) is DISMISSED. The Clerk of Court shall CLOSE this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Pryor failed to state a claim upon which relief may be granted and his claims are frivolous.

DATED this 30th day of April, 2015.

Dana L. Christensen, Chief Judge
United States District Court